## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Gregory Smith,**
**Petitioner Below, Petitioner**

**vs)  No. 16-0417** (Mingo County 08-C-198)

**Mingo County Commission, Jim Hatfield, Mingo County Clerk,**
**and James Smith, Mingo County Sheriff,**
**Respondents Below, Respondents**

**FILED**

**May 19, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Gregory Smith, by counsel John A. Kessler and David R. Pogue, appeals the Circuit Court of Mingo County's April 6, 2016, order denying his petition for a writ of mandamus through which petitioner sought reimbursement for attorney's fees and expenses that he incurred in successfully defending a removal petition in 2008. Respondent Jim Hatfield, Mingo County Clerk, pro se, filed a response.[1]

This Court has considered petitioner's brief, Mr. Hatfield's response, and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The events relevant to the instant appeal originated in December of 2006 with the filing of a petition to remove petitioner from the Mingo County Commission. In the removal petition, the Mingo County Sheriff and the Mingo County Assessor alleged that petitioner neglected certain duties and violated the law in the discharge of other duties. Specifically, the petition alleged the following grounds for petitioner's removal: (1) that petitioner violated West Virginia Code § 7-3-3 by delegating his duty to auction county property; (2) that petitioner violated West Virginia Code § 7-5-4 by failing to sign all checks issued by the County Commission; (3) that petitioner voted to pay hundreds of thousands of dollars to Marcum Trucking Company, Inc., and 263 Towing, Inc. for flood relief work, which entities had been indicted for defrauding the

---

[1] Mr. Hatfield attached three letters to his response, which was filed by this Court on November 7, 2016. In the first two letters, which were addressed to Mingo County Prosecuting Attorney Duke Jewell, and dated October 13, 2016, and October 25, 2016, Mr. Hatfield requested representation in the present appeal. The third letter, dated November 4, 2016, is Mr. Jewell's response to the Mingo County Commission, copied to Mr. Hatfield and Respondent James Smith, in which Mr. Jewell indicated that "multiple conflicts of interest" prevented him from representing any party in this case.

1

county; (4) that petitioner violated the West Virginia Constitution, Article III, § 2 by representing Marcum Trucking Company in a civil proceeding as a lawyer while voting to pay the company for flood relief; (5) that petitioner violated the West Virginia Constitution, Article III, § 2 by agreeing to serve as a witness on behalf of Marcum Trucking Company, Inc. and 263 Towing, Inc. in their criminal trials; (6) that petitioner "wasted" public funds by voting to pay a vendor $12,500 more than the vendor would have accepted in payment of an invoice for services rendered; and (7) that petitioner violated West Virginia Code § 15-5-15 by employing a convicted felon as director of the Office of Homeland Security and Emergency Services of Mingo County.

Following two days of hearing, a three-judge panel appointed by this Court determined that petitioner should not be removed from office and dismissed the removal petition. For each asserted ground, the panel either found that petitioner did not violate the law or that any violations were "technical" and did not warrant petitioner's removal from office. The Sheriff and Assessor appealed the panel's order to this Court. By order entered in May of 2008, this Court refused the appeal.

In July of 2008, petitioner filed a writ of mandamus in the Circuit Court of Mingo County through which he sought an order directing the Mingo County Commission, Mingo County Clerk, and the Mingo County Sheriff to reimburse him for the attorney's fees and expenses he incurred in his defense of the removal petition. By order entered on March 24, 2010, the circuit court ruled that petitioner failed to establish the first of the three elements required for a writ of mandamus -- a clear legal right to the relief sought -- and denied the mandamus petition.[2]

Petitioner appealed the circuit court's order to this Court. In November of 2011, this Court issued its opinion in *State ex rel. Smith v. Mingo Cty. Comm'n*, 228 W. Va. 474, 721 S.E.2d 44 (2011), which reversed the circuit court's March 24, 2010, order. This Court held, in part, that in considering whether petitioner has a clear legal right to the relief sought, the circuit court must apply the three-part test set forth in syllabus point three of *Powers v. Goodwin,* 170 W. Va. 151, 291 S.E.2d 466 (1982), which states as follows:

---

[2] This Court has held that

> Before this Court may properly issue a writ of mandamus three elements must coexist: (1) the existence of a clear right in the petitioner to the relief sought; (2) the existence of a legal duty on the part of the respondent to do the thing the petitioner seeks to compel; and (3) the absence of another adequate remedy at law.

Syl. Pt. 3, *Cooper v. Gwinn*, 171 W. Va. 245, 298 S.E.2d 781 (1981). "Mandamus lies to require the discharge by a public officer of a nondiscretionary duty." Syl. Pt. 2, *Harrison Cty. Comm'n v. Harrison Cty. Assessor*, 222 W. Va. 25, 658 S.E.2d 555 (2008) (citations omitted).

The rules governing whether a public official is entitled to indemnification for attorneys' fees are the same in both the civil and criminal context. In order to justify indemnification from public funds the underlying action must arise from the discharge of an official duty in which the government has an interest; the officer must have acted in good faith; and the agency seeking to indemnify the officer must have either the express or implied power to do so.

This Court remanded the case to the circuit court to determine whether petitioner established the elements necessary for a writ of mandamus in light of *Powers*.

Upon remand to the circuit court, and pursuant to a status conference, the parties filed proposed findings of fact and conclusions of law in September of 2012. On April 6, 2016, the circuit court issued an order denying petitioner's mandamus petition. In relevant part, the circuit court found that, despite the panel's ultimate ruling, the record from the removal proceeding demonstrated that petitioner violated West Virginia Code § 7-3-3 by delegating his duty as President of the Mingo County Commission to auction county property, and that petitioner violated West Virginia Code § 7-5-4 at least ninety-nine times by failing to sign checks issued by County Commission.

In addressing the three elements set forth in syllabus point three of *Powers*, the circuit court found that petitioner failed to meet the first requirement (that the underlying action must arise from the discharge of an official duty in which the government has an interest) because the panel found that petitioner failed to comply with statute in the course of his functions; that petitioner failed to meet the second element (that the officer must have acted in good faith) because the panel made no finding that he acted in good faith; and that petitioner failed to meet the final element (that the agency seeking to indemnify the officer must have either the express or implied power to do so) because, even though the County Commission is empowered to indemnify petitioner for his attorney's fees and expenses, whether such power exists "has become much less relevant for purposes of [the circuit court's] determinations on this issue."

The circuit court concluded that petitioner failed to meet the three elements set forth in *Powers,* and therefore, failed to establish a clear legal right to the relief sought, namely reimbursement for $82,705.88 in attorney's fees and expenses.[3] Petitioner now appeals to this Court.

On appeal, petitioner argues that the circuit court erred in determining he failed to meet the three-prong test set forth in Syllabus Point 3 of *Powers,* and thus, erred in concluding that petitioner did not establish a clear legal right to reimbursement for his attorney's fees. Specifically, petitioner contends that (1) even if his conduct at issue in the removal proceeding constituted a technical violation of statute, he nevertheless was discharging his official duties as a county commissioner when such conduct occurred; (2) the panel in the removal proceeding was not tasked with making a finding that petitioner acted in good faith; and (3) pursuant to

---

[3] Having concluded that petitioner failed to establish the first element required for a writ of mandamus, the circuit court did not address the remaining two elements.

syllabus point two of *Powers*,[4] the county is authorized to reimburse him for his attorney's fees, and the circuit court erred by concluding that the issue was "less relevant" to its ultimate decision. "A *de novo* standard of review applies to a circuit court's decision to grant or deny a writ of mandamus." Syl. Pt. 1, *Harrison Cty. Comm'n.*

Upon our review of the record on appeal, we find no error in the circuit court's ruling that petitioner failed to establish a clear legal right to reimbursement for over eighty-thousand dollars in attorney's fees and expenses. Our discussion need not go any further than the second prong of the *Powers* test, that is, that petitioner must have acted in good faith. In the present case, the circuit court found that, although he ultimately succeeded in defending the removal petition, the three-judge panel found that petitioner violated two statutes. First, petitioner violated West Virginia Code § 7-3-3 by delegating his duty as President of the Mingo County Commission to auction county property. Second, petitioner violated West Virginia Code § 7-5-4 at least ninety-nine times by failing to sign checks issued by the county commission. The panel never made a finding that petitioner acted in good faith. In the mandamus proceeding, the circuit court noted these same violations by petitioner, and, likewise, failed to make such a finding. Because the record fails to establish that petitioner acted in good faith, petitioner cannot establish the first element required for mandamus relief. Accordingly, the denial of petitioner's attempt to require that respondents reimburse his attorney's fees was proper in light of *Powers*.

Petitioner's second assignment of error is that the circuit court erred by failing to address the remaining two mandamus elements: the existence of a legal duty on the part of the respondent to do the thing the petitioner seeks to compel, the absence of another adequate remedy at law. Syl. Pt. 3, *Cooper*. Because all three mandamus elements must co-exist, and because petitioner failed to establish the first element, it was not necessary for the circuit court to address the other two elements.

For the foregoing reasons, we affirm the Circuit Court of Mingo County's April 6, 2016, order denying petitioner's mandamus petition.

Affirmed.

**ISSUED:** May 19, 2017

---

[4] In syllabus point two of *Powers*, we held that

> [w]here a county official incurs a loss in the discharge of his official duty in a matter in which the county has an interest, and in the discharge of a duty imposed or authorized by law and in good faith, the county has the power to appropriate funds to reimburse him, unless expressly forbidden.

4

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum

**DISSENTING:**

Justice Elizabeth D. Walker